SO ORDERED.

SIGNED this 04 day of September, 2007.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

MALCOLM MCFALL BABB,

                Debtors.                           Case No. 06-03003-8-JRL

THE ESTATE OF CHARLES L. WATSON,         Adversary Proceeding No.:
and ELEANOR G. WATSON and PAMELA         07-00009-8-AP
WATSON FEHLIG, as personal representatives
of the estate of Charles L. Watson, CLW
INVESTMENTS, INC., d/b/a SALT MARSH
COVE, WILBUR M. MCLAMB and JERRY
FEHLIG,

                Plaintiffs,

v.

MALCOLM MCFALL BABB,

                Defendant.

_____

### ORDER

      This case is before the court on the debtor's motion to lift the stay. The court conducted a

hearing on this matter in Wilmington, North Carolina on August 21, 2007.

      On September 22, 2006, the debtor filed a petition for relief under chapter 13 of the

Bankruptcy Code. Prior to the debtor's bankruptcy filing, the estate of Charles L. Watson,

Eleanor G. Watson, and Pamela Watson Fehlig, CLW Investments, Inc., and Wilbur M. McLamb initiated a lawsuit against Malcolm Babb in Horry County, South Carolina asserting claims for abuse of process and malicious prosecution. As a result of the debtor's bankruptcy filing the South Carolina lawsuit was stayed. After the debtor filed bankruptcy, plaintiffs filed this adversary proceeding on January 25, 2007, seeking to have any and all monies owed by the debtor to the plaintiffs determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6). On February 26, 2007, the court converted the debtor's chapter 13 case to a case under chapter 7. The debtor requests that the automatic stay be lifted in his bankruptcy case so that the pending lawsuit in South Carolina state court may proceed.

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This court has jurisdiction over all core proceedings arising under title 11. 28 U.S.C. § 157(b).  Core proceedings include, but are not limited to: "(A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate or exemptions from property of the estate . . . [and] (O) other proceedings affecting the liquidation of the assets of the estate[.]" 28 U.S.C. § 157(b)(2)(A), (B), (O).

The plaintiffs in this case are creditors of the debtor's estate, and the court clearly has jurisdiction to determine the proper amount of their claim. However, the debtor seeks to have the stay lifted to allow the South Carolina state court to determine the actual amount owed by the debtor to the plaintiffs. In support of his motion, the debtor contends that a motion for summary judgement is currently pending in the South Carolina state court proceeding. He asserts that if

that motion is decided in his favor then the unliquidated  portion of the plaintiffs' claim will disappear. On the other hand, the chapter 7 trustee opposes the debtor's motion to lift the stay. The trustee contends that if the motion is decided against the debtor, the trustee must then defend, on behalf of the debtor's estate, the South Carolina state court action. Such a defense would require unnecessary time and expense to be expended by the trustee on behalf of the debtor's estate.

The Bankruptcy  Code "grants jurisdiction to the district courts, and therefore the bankruptcy court, over civil proceedings related to bankruptcy and accords with the intent of Congress to bring all bankruptcy related litigation within the umbrella of the district court, at least as an initial matter. . . ." In re House of Mercy, Inc. 353 B.R. 867, 872 (Bankr. W.D. La. 2006).  In this case, there is no basis on which to allow the debtor's motion to lift the stay and require the trustee to defend the South Carolina state court action. Therefore, the proper amount of the plaintiffs' claim will be determined by this court at the appropriate time.

Based on the foregoing, the debtor's motion to lift the stay is DENIED.

**"END OF DOCUMENT"**